## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **TRUSTEES OF THE PENSION, WELFARE AND VACATION FRINGE BENEFIT FUNDS OF IBEW LOCAL 701,** | ) ) ) ) | |
| **Plaintiffs,** | ) ) | |
| **vs.** | ) ) | No. 07 C 7261 |
| **NEW ASPEN ELECTRIC, INC.** Illinois corporation, and n/k/a NAE, LLC, an Illinois Limited Liability company , **ROBERT J. SIEB, Individually, and RICHARD M. SIEB, Individually,** | ) ) ) ) ) ) | Judge Robert W. Gettleman |
| **Defendants.** | ) | |

## AMENDED COMPLAINT

Plaintiffs, by their attorneys, **ARNOLD AND KADJAN** and **JOHN F. ETZKORN**, complain against Defendants **NEW ASPEN ELECTRIC, INC.** an Illinois corporation, n/k/a **NAE, LLC,** an Illinois Limited Liability company **("NEW ASPEN INC."), ROBERT J. SIEB,** Individually, and **RICHARD M. SIEB,** Individually, as follows:

### COUNT I (No Change from Original Complaint)

1.    (a)    Jurisdiction of this cause is based upon Section 301 of the National Labor Relations Act as amended, 29 U.S.C. 185(a), as hereinafter more fully appears.

(b)    Jurisdiction of this cause is based upon Section 502 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. 1132 ("ERISA"), as hereinafter more fully appears.

2.    (a)    The Plaintiffs are the **TRUSTEES OF THE PENSION, WELFARE AND VACATION FRINGE BENEFIT FUNDS OF IBEW LOCAL 701**.

(b)    The Pension Fund, Welfare Fund, and Vacation Fund (together called "the Funds") have been established pursuant to collective bargaining agreements heretofore entered into between the International Brotherhood of Electrical Workers Local 701 (the "Union") and certain

employer associations whose members employ members of the Union, and the Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, as amended, and other applicable state and federal laws.  The Funds are administered by the Plaintiffs as the presently acting trustees thereof, pursuant to the terms and provisions of the National Labor Relations Act, as amended, and other applicable state and federal laws and the terms and provisions of the Agreements and Declarations of Trust which established the Funds.

3.    (a)    Defendant **NEW ASPEN INC.,** resides within this jurisdictional district.

(b)    Defendant **NEW ASPEN INC.,** is an employer engaged in an industry affecting commerce.

(c)    Defendant **NEW ASPEN INC.,** has its principal place of business located at 441 Bonner Road, Wauconda, IL 60084.

4.    Since on or about November 20, 1996, Defendant **NEW ASPEN INC.,** had authorized DuPage County Division, Illinois Chapter N.E.C.A., Inc. (hereafter "NECA") as its collective bargaining representative for all matters contained in or pertaining to the collective bargaining agreement then in force, and thereafter, between NECA and the Union.

5.    Since before 1972, NECA, a multi-employer bargaining association authorized to negotiate and execute collective bargaining agreements on behalf of its members and authorizing employers, has entered into successive collective bargaining agreements with the Union on behalf of its members, including Defendant **NEW ASPEN INC.**

6.    By virtue of certain provisions contained in the collective bargaining agreements, Article VI, Section 5 of Amendment No. 1 of the Pension Fund Declarations of Trust, Article VI, Section 5 of the Welfare Fund Declarations of Trust and Article VII, Section 5 of the Vacation Fund Declarations of Trust to which Defendant **NEW ASPEN INC.,** is bound, Defendant **NEW ASPEN INC.,** has agreed to make fringe benefit contributions on behalf of certain of its employees, calculated in relation to the gross wages of said employees, and when given reasonable notice by the Trustees of

said Funds or the Trustees' representatives, has agreed to submit its books and records to an independent auditor to determine whether or not said Defendant is in compliance with its duties under ERISA, 29 U.S.C. 1132(g)(2)(A), the various collective bargaining agreements and the declarations of trust to which Defendant has assented.

7.      In the event a delinquency is shown to be due and owing, Defendant has agreed to be liable for all costs, ten percent delinquency penalty and reasonable attorneys' fees, pursuant to Article VI, Section 4 of Amendment No. 1 of the Pension Fund Declarations of Trust, Article VI, Section 7 of the Welfare Fund Declarations of Trust and Article VII, Section 7 of the Vacation Fund Declarations of Trust.

8.      Independent of said Declarations of Trust to which Defendant has assented, Defendant is liable for costs pursuant to 29 U.S.C. 1132(g)(2)(E), a twenty percent penalty in liquidated damages pursuant to 29 U.S.C. 1132(g)(2)(C)(ii), attorneys' fees pursuant to 29 U.S.C. 1132(g)(2)(D), and prejudgment interest pursuant to 29 U.S.C. 1132(g)(2)(B).

9.      Since on or about November 20, 1996, Defendant, **NEW ASPEN INC.,** has admitted, acknowledged and ratified the collective bargaining agreements entered into between NECA and the Union by the filing of periodic report forms with the Funds and by its making some but not all of the periodic payments to the Funds as required by such agreements.

10.     Plaintiffs are advised and believe that since on or about May 1, 2007, Defendant **NEW ASPEN INC.,** has failed to make some of the contributions from time to time required to be paid by it to the Funds pursuant to the terms of the collective bargaining agreements by which it was bound, all in violation of its contractual obligations and its obligations under the applicable state and federal statutes.

11.     Plaintiffs require an audit to be performed on Defendant **NEW ASPEN INC.**'s complete books and records in order to ascertain the final amount due and owing, but are aware of a delinquency of $111,222.17 consisting of $34,026.32 due for the last payment on a defaulted

Installment Note plus $57,695.66 for shortages on prior contribution reports plus $19,500.19 for accumulated liquidated damages on late payments.

12.     By virtue of the foregoing, Plaintiffs and Defendant's employees on whose behalf Plaintiffs are acting as fiduciaries have been damaged in amount of $111,222.17 plus the amount shown due under the audit.

WHEREFORE, Plaintiffs pray:

A.     **NEW ASPEN INC.** be ordered to produce its books and records for audit for the period from November 1, 1996 through the present;

B.     Judgment be entered for Plaintiffs and against Defendant **NEW ASPEN INC.** in the amount of $111,222.17, plus the amount due under the audit pursuant to 29 U.S.C. §1132(g)(2)(A) and the aforesaid Declarations of Trust;

C.     (1)     Twenty percent in liquidated damages pursuant to 29 U.S.C. §1132(g)(2)(C)(ii), and the aforesaid collective bargaining agreements and trust declarations to which Defendant has assented;

(2)     A ten percent penalty pursuant to the aforesaid collective bargaining agreements and trust declarations to which Defendant has assented;

(3)     Audit costs pursuant to 29 U.S.C. §1132(g)(2)(E), and the collective bargaining agreements and trust declarations to which Defendant has assented;

(4)     Attorneys' fees pursuant to 29 U.S.C. §1132(g)(2)(D), and the collective bargaining agreements and trust declarations to which Defendant has assented; and

(5)     Prejudgment interest pursuant to 29 U.S.C. §1132(g)(2)(B).

D.     That pending final determination of this cause, Defendant **NEW ASPEN INC.** be enjoined from violating the aforesaid collective bargaining agreements and enjoined from failing to make timely payments to the Funds as set forth; and that upon final adjudication of the cause Defendant **NEW ASPEN INC.** be permanently so enjoined.

E.    That the court grant Plaintiffs such other and further relief as it may deem appropriate in the circumstances.

## COUNT II (No Change from Original Complaint)

Plaintiffs complain against Defendant **ROBERT J. SIEB**, individually and personally, as follows:

13 - 24. Plaintiffs reallege and incorporate by reference herein the allegations of paragraphs 1-12 of Count I as paragraphs 13 – 24 of this Count II.

14.    Defendant **ROBERT J. SIEB** is, on information and belief, the owner and operator of Defendant **NEW ASPEN INC.** and is on information and belief either director and/or officer of said Defendant **NEW ASPEN INC.**.

15.    Pursuant to Article VI, Section 5 of Amendment No. 1 of the Pension Fund Declarations of Trust, Article VI, Section 5 of the Welfare Fund Declarations of Trust and Article VII, Section 5 of the Vacation Fund Declarations of Trust to which Defendant **NEW ASPEN INC.** and thereby Defendant **ROBERT J. SIEB** have assented, Defendant **ROBERT J. SIEB** is personally liable for any unpaid contributions, costs and reasonable attorneys' fees arising from Plaintiffs' actions to collect said delinquency, to wit,

> "Where an audit discloses a difference between hours actually worked by an Employee and hours reported to the Trust by his Employer, and where such audit discloses any willful violation of any of the requirements of this Trust Agreement or rules and regulations adopted in connection herewith, the officers and directors of such Employer, if a corporation, or the owner or partners of such Employer, as applicable, shall be personally liable for any underpayment or other pecuniary loss to the Fund attributable to such conduct."

16.    Plaintiffs, on information and belief, submit that Defendant **NEW ASPEN INC.**, and thereby Defendant **ROBERT J. SIEB** have engaged in willful violation of these provisions and is therefore personally liable for any unpaid contributions.

WHEREFORE, Plaintiffs pray:

    A.    **NEW ASPEN INC.** be ordered to produce its books and records for audit for the period from November 1, 1996 through the present;

    B.    Judgment be entered for Plaintiffs and against Defendant **NEW ASPEN INC.** in the amount of $111,222.17, plus the amount due under the audit pursuant to 29 U.S.C. §1132(g)(2)(A) and the aforesaid Declarations of Trust;

    C.    (1)    Twenty percent in liquidated damages pursuant to 29 U.S.C. §1132(g)(2)(C)(ii), and the aforesaid collective bargaining agreements and trust declarations to which Defendant has assented;

    (2)    A ten percent penalty pursuant to the aforesaid collective bargaining agreements and trust declarations to which Defendant has assented;

    (3)    Audit costs pursuant to 29 U.S.C. §1132(g)(2)(E), and the collective bargaining agreements and trust declarations to which Defendant has assented;

    (4)    Attorneys' fees pursuant to 29 U.S.C. §1132(g)(2)(D), and the collective bargaining agreements and trust declarations to which Defendant has assented; and

    (5)    Prejudgment interest pursuant to 29 U.S.C. §1132(g)(2)(B).

    D.    That pending final determination of this cause, Defendant **ROBERT J. SIEB** be enjoined from violating the aforesaid collective bargaining agreements and enjoined from failing to make timely payments to the Funds as set forth; and that upon final adjudication of the cause Defendant **ROBERT J. SIEB** be permanently so enjoined.

    E.    That the court grant Plaintiffs such other and further relief as it may deem appropriate in the circumstances.

### COUNT III (New, Pendent Count against New Individual Defendant)

    Plaintiffs complain against Defendant **RICHARD M. SIEB**, individually and personally, as follows:

17 – 28.     Plaintiffs reallege and incorporate by reference herein the allegations of paragraphs 1-12 of Count I as paragraphs 17 – 28 of this Count III.

29.     Count III arises out of a common nucleus of operative fact with Counts I and II and is pendent thereto.

30.     On or about March 19, 2007, **NEW ASPEN INC.** and Defendant **RICHARD M. SIEB**, individually, made, executed and delivered to Plaintiffs at the offices of their attorneys in Cook County, Illinois, a certain Installment Note, a copy of which is attached hereto.

31.     Plaintiffs are the owners and holders of the Installment Note.

32.     Certain payments have been made on the Installment Note, but the balance is in default and payment has been demanded but refused.

33.     Allowing credits for all payments made, a balance of $34,026.32 remains due and owing and unpaid to Plaintiffs for principal on the Installment Note, plus $6,656.17 for interest, calculated after default from June 1, 2007 through June 1, 2008 at the default rate as provided of 18% per annum, plus interest, at the default rate, continues to accrue after June 1, 2008 at the rate of $20.06 per diem.

34.     In addition, the Installment Note provides that Plaintiffs, on default, are "entitled to reasonable costs of collection, including reasonable attorney's fees."

35.     The amount due and owing under the Installment Note is expressly admitted by **NEW ASPEN INC.** and Defendant **RICHARD M.  SIEB**, individually, as makers, to represent an indebtedness due and owing to Plaintiffs pursuant to the applicable provisions of ERISA.

WHEREFORE, Plaintiffs pray:

A.     Judgment be entered for Plaintiffs and against Defendant **RICHARD M. SIEB** in the amount of $40,682.49, plus the amount of Plaintiffs' attorneys' fees and costs, plus interest as it continues to accrue at the rate of $20.06 per diem from June 1, 2008 through and including the date of entry of the judgment.

B.     This Court grant Plaintiffs such other and further relief as it deems equitable and just

under the circumstances.

                                        **TRUSTEES OF THE PENSION, WELFARE
                                        AND VACATION FRINGE BENEFIT FUNDS
                                        OF IBEW LOCAL 701,**


                                        By:_____s/ John F. Etzkorn_____
                                               One of the Plaintiffs Attorneys

John F. Etzkorn
ARNOLD AND KADJAN
19 West Jackson Boulevard
Chicago, IL  60604-3958
(312) 236-0415